# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| JACQUELINE TAYLOR; an Individual,<br><br>Plaintiff,<br><br>v.<br><br>CONN'S INC., and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br>1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.]<br>2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.]<br><br>**JURY TRIAL DEMANDED** |

Plaintiff JACQUELINE TAYLOR ("Plaintiff") alleges the following upon information and belief based upon personal knowledge:

**INTRODUCTION**

1.      This case arises from the illegal actions of CONN'S INC. in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"), thereby invading Plaintiff's privacy.

Complaint - Page 1

**DAN N. FIORITO**
ATTORNEY AT LAW
844 NW 48th Street
Seattle, Washington 98107
(206) 299-1582
dan@danfiorito.com

## **PARTIES**

2. Plaintiff, JACQUELINE TAYLOR, is a natural person residing in the State of Washington, and is a "person" as defined by 47 U.S.C. § 153 (39).

3. Plaintiff is informed and believes, and thereon alleges, that CONN'S INC. ("CONN'S" or "Defendant") is, and at all times mentioned herein was, a Delaware corporation whose primary office address is 3295 College St., Beaumont, Texas 77701.

4. Defendant CONN'S is, and at all times mentioned herein, conducted business in the State of Washington, and within this judicial district.

5. CONN'S regularly does business in the State of Washington by placing calls to individuals, including Washington residents and regularly contacting residents therein in attempt to collect upon lines of credit for home products it finances.

6. The true names and capacities of Defendants named herein as DOES 1 through 20 are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff will amend the Complaint to show the true names and capacities of such DOES when they have been ascertained. Upon information and belief, Plaintiff alleges that each of DOES 1 through 20 was responsible in some manner for the occurrences, acts, and transactions herein alleged, and that Plaintiff's damages and violations of Plaintiff's rights were proximately caused by such Defendants.

7. Upon information and belief, Plaintiff alleges that at all times mentioned Defendants were the agents, servants, representatives, partners and/or employees of co-Defendants, and, by engaging in the actions mentioned below, were, unless otherwise alleged, acting within the course and scope of their authority as such agent, servant, representative, partner, and/or employee, with the permission and consent of co-Defendants.

8. Any allegations about acts of any corporate or other business Defendants means that the corporation or other business did the alleged acts through its officers, directors, employees,

**DAN N. FIORITO**
ATTORNEY AT LAW
844 NW 48th Street
Seattle, Washington 98107
(206) 299-1582
dan@danfiorito.com

agents, and/or representatives, while they were acting within the actual or ostensible scope of their authority.

## JURISDICTION AND VENUE

9. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"). Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this matter as it arises under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

10. Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## DEMAND FOR JURY TRIAL

11. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. Amend. 7 and Fed.R.Civ.P. 38.

## DEFENDANT CONN'S BUSINESS

12. CONN'S business is extension of credit to distressed consumers and the collection of past due debts.

13. In connection with CONN'S business, Defendant places telephone calls using a "predictive dialer" and/or an artificial or prerecorded voice.

14. "[A] predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, p. 13, ¶ 13; *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd.

Complaint - Page 3

DAN N. FIORITO
ATTORNEY AT LAW
844 NW 48th Street
Seattle, Washington 98107
(206) 299-1582
dan@danfiorito.com

14014, 14091-4093 (2003); see also *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

## FACTUAL ALLEGATIONS

15. Beginning in and around November 23, 2014, CONN'S contacted Plaintiff on her cellular telephone in an attempt to collect an alleged outstanding debt.

16. CONN'S called or attempted to call Plaintiff from the telephone number (800) 253-7050 which appeared on Plaintiff's cellular phone with number (XXX) XXX-1230 ("Plaintiff's Number").

17. Plaintiff was the subscriber to the Cellular telephone number CONN'S called at the time of each call.

18. On Sunday, November 23, 2014, at approximately 11:23 a.m., Plaintiff's Number received a call from (800) 253-7050. This number called Plaintiff's Number ten more consecutive times that same week.

19. On November 28, 2014, at approximately 9:52 a.m., Plaintiff's Number received a call from (800) 253-7050. Plaintiff answered the call and said hello. After several seconds of silence, a woman asked Plaintiff, "Yvette?" Plaintiff asked who the woman calling her was, to which the woman responded Maria from Conn's. Plaintiff told the woman to stop calling her.

20. On December 1, 2014, at approximately 9:17 a.m., Plaintiff's Number received another call from (800) 253-7050. Plaintiff answered the call and said hello. A woman responded to Plaintiff, identifying herself as Amica from Conn's, and to speak to Yvette. Plaintiff told the woman to stop calling her.

21. Again, on December 3, 2014, Plaintiff's Number received another call from (800) 253-7050. Plaintiff answered the call and said hello. A woman on the calling end of the phone asked "Yvette?" Plaintiff asked the woman who was calling, who responded as Louie Anna from Conn's. Plaintiff told the woman to stop calling.

Complaint - Page 4

DAN N. FIORITO
ATTORNEY AT LAW
844 NW 48th Street
Seattle, Washington 98107
(206) 299-1582
dan@danfiorito.com

22. During the week of November 30, 2014, through December 7, 2014, Plaintiff's Number received nineteen (19) calls from (800) 253-7050, despite Plaintiff repeatedly telling the calling party to stop calling her.

23. At no time after CONN'S began calling Plaintiff's Number had Plaintiff provided express consent to Defendant to call Plaintiff's Number.

24. Plaintiff's Number is assigned to a telephone service for which Plaintiff is charged for the call.

25. As of the date on which this complaint is being filed, CONN'S placed at least one-hundred and seventeen times (117) telephone calls to Plaintiff's Number using a predictive dialer and/or an artificial or prerecorded voice.

## APPLICABLE LAW

26. In 1991, the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, was enacted by Congress in response to voluminous consumer complaints about abuses of telephone technology. The purpose and history of the TCPA indicate that Congress was trying to prohibit the use of Automatic Telephone Dialing Systems (ATDS) to communicate by telephone in a manner that would be an invasion of privacy. Thus, the Act is aimed at "protect[ing] the privacy interests of residential telephone subscribers by placing restrictions on unsolicited, automated telephone calls to the home and to facilitate interstate commerce by restricting certain uses of facsimile machines and automatic dialers." S. Rep. No. 102-178, at 1 (1991), reprinted in 1991 U.S.C.C.A.N. 1968 [quoted in *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009)].

27. The TCPA provided that it is unlawful for any person within the United States to (1) make any call using any automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice (2) without the prior express consent of the called party. Section 227 of the act defined ATDS as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator, and (B) to dial such numbers"

Complaint - Page 5

DAN N. FIORITO
ATTORNEY AT LAW
844 NW 48th Street
Seattle, Washington 98107
(206) 299-1582
dan@danfiorito.com

28. Over the years, the telemarketing industry underwent significant changes in technology and methods to invade consumer privacy through automated solicitation and debt collection. By 2003, in response to the increasing consumer complaints and the Federal Communications Commission ("FCC") revised the TCPA and adopted new rules for consumers to combat increasingly sophisticated and increasing number of automated calls to consumers. Some of the adoptions in the 2003 order included a do not call list and FCC clarification as to what constitutes an ATDS. Among several other clarifications, the FCC ordered that predictive dialers[1] have the capacity to store or produce telephone numbers, and are therefore an ATDS under Section 277. This interpretation of the ATDS has been routinely accepted by courts of law throughout the country.

29. On June 18, 2015, the FCC made another declaratory ruling further reinforcing that an autodialer is any technology with the capacity, whether present or future, to dial random or sequential numbers. This definition ensures that robo-callers cannot skirt consumer consent requirements through changes in calling technology design or by calling from a list of numbers. FCC June 18, 2015 Declaratory Rulings Press Release. The FCC also made clear that a called party may revoke consent to be called at any time and through any reasonable means.

30. Senator Fritz Hollings, the original sponsor of the TCPA, stated: "Computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall."  137 Cong. Rec. 30,821 (1991).

31. The TCPA defines an automatic telephone dialing system ("ATDS") as "equipment which has the capacity…(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers."  47 U.S.C. § 227(a)(1).

---

[1] A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls.

Complaint - Page 6

DAN N. FIORITO
ATTORNEY AT LAW
844 NW 48th Street
Seattle, Washington 98107
(206) 299-1582
dan@danfiorito.com

32. A predictive dialer is an ATDS within the meaning of the TCPA. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, p. 13, ¶ 13; *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-4093 (2003); see also In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991, 23 F.C.C. Rcd. 559, 562-63 (2008).

33. The TCPA provides, in part:

(b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—

> 1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
>> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> * * *
>
>> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call…
>
>> (D) to use an automatic telephone dialing system in such a way that two or more telephone lines of a multi-line business are engaged simultaneously.

47 U.S.C. §§ 227(b)(1)(A)(iii) and 227(b)(1)(D)

34. The term "called party," as used in Section 227(b)(1)(A) of the TCPA, refers to the person or entity subscribing to the called number at the time the telephone call is made. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, pp 40-41, ¶ 73.

35. A caller that places calls to a reassigned telephone number without the express consent of the called party is deemed to have "constructive knowledge" of the reassignment after one phone call has been placed to that reassigned number. *In the Matter of Rules and Regulations*

Complaint - Page 7

DAN N. FIORITO
ATTORNEY AT LAW
844 NW 48th Street
Seattle, Washington 98107
(206) 299-1582
dan@danfiorito.com

*Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, p. 40, ¶ 72.

36. Plaintiff was the "called party" in each telephone call Defendant made to Plaintiff's Number.

## FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. § 227** *et seq.*

37. Plaintiff incorporates by reference, as though fully set forth, paragraphs 1 through 36 of this Complaint.

38. Defendant CONN'S negligently violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by using an ATDS and/or an artificial or prerecorded voice to call Plaintiff at a telephone number assigned to a service for which Plaintiff is charged for the call without Defendant's prior express consent.

39. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. § 227** *et seq.*

40. Plaintiff incorporates by reference, as though fully set forth, paragraphs 1 through 39 of this Complaint.

41. The TCPA provides, in part:
> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3).

Complaint - Page 8

**DAN N. FIORITO**
ATTORNEY AT LAW
844 NW 48th Street
Seattle, Washington 98107
(206) 299-1582
dan@danfiorito.com

42. The Communications Act of 1943, of which the TCPA is a part, defines "willful" as "the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision[], rule or regulation...." 47 U.S.C. § 312(f).

43. In order to establish a "willful" or "knowing" violation of the TCPA, a plaintiff need not demonstrate that the defendant intended to violate the statute, or that it knew or should have known it was violating the statute. *See Roylance v. ALG Real Est. Servs., Inc*. 2015 U.S. Dist. LEXIS 44930, *31 (N.D. Cal. Mar. 16, 2015); *Bridgeview Health Care Ctr. Ltd. v. Asset Mgmt. Solutions, Inc.*, 2011 U.S. Dist. LEXIS 50046, *18-20 (N.D. Ga. 2011). Clark, 2013 U.S. Dist. LEXIS 37310, *21-22 (N.D. Ill. Mar. 19, 2013); *Steward v. Regent Asset Mgmt. Solutions, Inc.*, 2011 U.S. Dist. LEXIS 50046, *18-20 (N.D. Ga. 2011).

44. Instead, a plaintiff need only show that the defendant engaged in a "voluntary act" that violated the TCPA. *See Bridgeview*, 2013 U.S. Dist. LEXIS, at *21-22; *see also Roylance*, 2015 U.S. Dist. LEXIS, at *31 (intentionally making phone calls that violated TCPA, without intent to violate the statute, was sufficient to warrant treble damages).

45. Defendant CONN'S voluntarily placed telephone calls to Plaintiff's Number using an ATDS and/or an artificial or prerecorded voice.

46. Defendant CONN'S further placed telephone calls to Plaintiff's Number using an ATDS and/or an artificial or prerecorded voice after Plaintiff told Defendant to stop calling her.

47. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

48. As a result of Defendant's knowing and/or willing violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

49. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in

DAN N. FIORITO
ATTORNEY AT LAW
844 NW 48th Street
Seattle, Washington 98107
(206) 299-1582
dan@danfiorito.com

the future.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for judgment as follows:

a. An order enjoining Defendant from placing further telephone calls to Plaintiff's Number pursuant to 47 U.S.C. § 227(b)(3).

b. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

c. For such other legal and/or equitable relief as the Court deems appropriate.

Respectfully submitted this 25th day of May 2016,

        The Law Office of Dan Fiorito
        Counsel for Plaintiff


        ____/s/ Dan Fiorito_____
        Dan Fiorito
        The Law Office of Dan Fiorito
        844 NW 48th Street
        Seattle, WA 98107
        Telephone: (206) 299-1582
        Facsimile: (206) 770-7590
        E-Mail: dan@danfiorito.com

**DAN N. FIORITO**
ATTORNEY AT LAW
844 NW 48th Street
Seattle, Washington 98107
(206) 299-1582
dan@danfiorito.com